The Honorable Christopher M. Alston
Chapter 7
Hearing Date:  September 26, 2018
Hearing Time:  9:30 a.m.
Hearing Location: 700 Stewart St, Seattle, WA
7th Floor, Courtroom 7206

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Case No. 15-16110-CMA |
| BRUCE BORJESSON, | TRUSTEE'S REPLY BRIEF FOR VALUATION HEARING RE PARCEL B AND ADDITIONAL BRIEFING OF HOMESTEAD ISSUE RE PARCEL B |
| Debtor. | |

I.    INTRODUCTION

        Edmund J. Wood, chapter 7 trustee ("Trustee") for Bruce Borjesson, the debtor in this case ("Debtor" or "Borjesson"), files his reply brief (the "Trustee's Reply") to the Debtor's Brief Re: Valuation of "Parcel B" and Homestead Exemption [Dkt. # 148] (the "Debtor's Brief") for the evidentiary hearing regarding the valuation of Parcel B scheduled for September 26, 2018.  The Trustee agrees that Borjesson has claimed a homestead as to Parcel A and B in his amended schedules, even though his recorded homestead claim does not clearly do so.  But since Parcel A is encumbered by liens greater than its value, the homestead claim is capped at the value of Parcel B, less any liens that impair the homestead.  The Debtor offers three valuation theories to argue that the assessed value of Parcel B, $2,000, should be disregarded.  But each of the three theories is based on the flawed assumption that Parcel A, which is a buildable lot, and Parcel B, which is not, have the same value per square foot.  The value of Parcel B is nominal.

TRUSTEE'S REPLY BRIEF … - 1

GROSHONG LAW PLLC
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

II. RELEVANT FACTS

The Trustee agrees that the Debtor's amended schedule C claims a homestead exemption which does not distinguish between Parcel A and Parcel B. But the Trustee disputes the Debtor's assertion that "[b]oth parcels have historically been used as one and have had the same owners for decades." Debtor's Brief, 2:6-7. The Trustee will present evidence that title to Parcel B is currently vested in Rodney and Barbara Loveless. *See* Trustee's Proposed Exhibits T-13 and T-14. The proposed purchaser is taking possession without title insurance as to Parcel B. The Debtor's Brief states that "Parcel B consists of a yard, which has been converted to an outdoor workshop area - its APN is 394190-0085." Debtor's Brief, 2:2-3. The Debtor also asserts that the outbuildings on Parcel B add value. Debtor's Brief, 8:10-13. The Debtor will not be able to establish that assertion by evidence. The Debtor further asserts that "Parcel A and Parcel B share "custody" of an outdoor workshop that extends from the back of the house onto Parcel B." Debtor's Brief, 3:18-19. This assertion raises possible adverse possession issues that could impact the already nominal value of Parcel B.

III. HOMESTEAD

Subject to chain of title issues, the Trustee does not dispute the Debtor's right to claim a homestead exemption in Parcel B, although, as discussed below, the amount of the homestead is limited to the value of Parcel B, less existing tax liens.

IV. VALUATION OF PARCEL B

A. **Moorhead valuation**

The Declaration of George Moorhead Re: Valuation of "Parcel B" [Dkt. # 148-1, at 37-59] (the "Moorhead BPO") assumes that Parcel B's value per square foot is the same as that of Parcel A, as set forth in the second to last paragraph of the BPO: "If the mean price of a home in this area, with the access and actual building pad is around $600,000, then the lot costs would be 35% or $210,000." Moorhead BPO, pg. 42. But if the lot is not buildable, the basis for Moorhead's evaluation disappears. The Moorhead BPO is based, implicitly and explicitly, on

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

the value of a buildable lot. "Parcel B is considered a legal lot with the potential of having a residential home placed upon it, or in its current use." Moorhead BPO, at 41.

The Trustee will present evidence at the evidentiary hearing that will establish Parcel B is not a buildable lot, so the Moorhead BPO does not provide a sustainable basis for valuing Parcel B. *See* Trustee's Proposed Exhibit T-7.

### B. Valuation by Rich Kim

The Debtor complains that "[t]hus far, the Trustee has asserted no breakdown as to how his realtor, Rich Kim, determined the value of Parcel B." Mr. Kim will testify as to his valuation at the evidentiary hearing. The Debtor's Brief criticizes Mr. Kim's actions in connection with the listing. Mr. Kim will testify to his efforts in listing the Property and the other matters identified by the Trustee in his Trial Brief for Valuation Hearing Re Parcel B and Additional Briefing of Homestead Issue Re Parcel B [Dkt. # 147] (the "Trustee's Brief") 3:9-19]. The Trustee's Reply is not the appropriate place for Mr. Kim to testify, although Mr. Kim's testimony will be that the value of Parcel B is nominal and that is consistent with his earlier declarations. The court will judge for itself the testimony and exhibits.

The Debtor's Brief asserts that a nominal value "is not consistent with land values in the Greenwood neighborhood overall, nor is it consistent with the calculation of the price in the listing agreement[.]" Debtor's Brief, 6:10-12. The Trustee believes this is only an assertion and is not supported by any evidence. Parcel B is not a buildable lot, and the Debtor's attempt to argue for a kind of consistency with general land values in the Greenwood neighborhood with buildable lots is speculative at best. And Mr. Kim's valuation testimony will be consistent with the listing agreement. Approval of the sale to the Buyer would result in a commission for Mr. Kim,[1] and he has worked hard on this short sale. It is correct that three title companies declined to insure title to Parcel B in connection with the sale, though that fact only adds support for a

---

[1] However, Mr. Kim was employed as the Trustee's realtor pursuant to 11 U.S.C. §§ 327 and 330, and his commission remains subject to court approval, on notice to creditors and the opportunity for a hearing. Dkt. # 97.

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

1    nominal valuation for Parcel B, because at the very least it appears that a quiet title action will be

2    necessary for Parcel B.  The Buyer is aware that title to Parcel B is clouded, and is willing to take

3    possession without title insurance.

4            The Trustee will establish that Mr. Kim is an expert as to the valuation of Parcel

5    B, within the contemplation of Fed. R. Evid. 702.

6        **C.      Valuation based on price per square foot**

7            The Debtor "extrapolates the value of Parcel B based on the price per square foot

8    relative to the total square footage of both parcels."  Debtor's Brief, 6:21-22.  This argument is

9    simply a reworking of the Moorhead BPO, and it fails because Parcel A and Parcel B are

10   separate parcels, each with its own value.  Parcel A is buildable and Parcel B is not.  Parcel A

11   can be sold as a separate residential lot and Parcel B cannot.  This attempted valuation method is

12   unwarranted.

13       **D.      Valuation based on tax assessment**

14           *1.      The assessed value of Parcel B is $2,000.*

15           The Debtor attempts to overcome King County's $2,000 assessed value of

16   Parcel B by arguing that approximately 27 years ago, in 1991, the Assessor wanted to assess a

17   value of $25,600.  "The value was $1,400 in 1990, but the Assessor appealed and wanted to

18   assess a value of $25,600 starting in 1991 (they settled at $2,600 with Parcel A bearing the bulk

19   of the tax responsibility for both parcels[.])"  Debtor's Brief, 8:4-7.  This is a problematic

20   analysis for a number of reasons, including that King County's 1991 appeal of the assessment

21   value failed, and it is so old that it is not relevant under Fed. R. Evid. 401(a) or (b).  Further, the

22   Trustee will present evidence that in 1990, the assessed value of Parcel B was $1,400, and in

23   1991, its assessed value was $2,600, precisely as discussed in the Debtor's Brief and quoted

24   above.  *See* Trustee's Proposed Exhibit T-8.  The Debtor's attempt to value Parcel B by first,

25   adjusting for inflation and, second, using the amount of the failed assessment as a basis for the

26   adjustment, is specious.  Debtor's Brief, 8:8-10.

TRUSTEE'S REPLY BRIEF … - 4

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 15-16110-CMA    Doc 153    Filed 09/21/18    Ent. 09/21/18 12:56:58    Pg. 4 of 6

1  RCW 84.40.030 provides in part that:

2  All property must be valued at one hundred percent of its true and fair value in
3  money and assessed on the same basis unless specifically provided otherwise by
   law.

4  RCW 84.40.030(1). The current assessed value of Parcel B is $2,000, and has been for the past

5  several years. The Trustee will present evidence that its assessed value has never exceeded

6  $5,000. *See* Trustee's Proposed Exhibit T-8.

7  RCW 84.40.030(3) lists the specific criteria for arriving at a true and fair value or

8  real property for taxation purposes. The legislature has established a presumption concerning

9  assessed value for use in challenges brought by a property owner as to valuation:

10  Upon review by any court, or appellate body, of a determination of the valuation
    of property for purposes of taxation, it shall be presumed that the determination of
11  the public official charged with the duty of establishing such value is correct but
    this presumption shall not be a defense against any correction indicated by clear,
12  cogent and convincing evidence.

13  RCW 84.40.0301. This statute is cited to show the weight the Washington state legislature gives

14  to tax assessments for purposes of disputes with a property owner. The Trustee does not suggest

15  that it dictates the burden of proof here, but the King County Assessor's valuation is entitled to

16  some weight.

17  2.  *There are existing liens against Parcel B.*

18  The Debtor asserts there are no liens against Parcel B. Debtor's Brief, 10:1.

19  While to the best of the Trustee's knowledge there are no loan repayment obligations secured by

20  Parcel B, there are delinquent King County tax liens. These tax liens are not subject to a

21  homestead under RCW 6.13.070, because they are not "debts of the owner." Washington AGO

22  1996 No. 6. The Trustee will provide evidence that Parcel B is currently subject to or in

23  foreclosure by King County. *See* Trustee's Proposed Exhibit T-9.

24  ///

25  ///

26  ///

TRUSTEE'S REPLY BRIEF … - 5

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

1     V.     <u>CONCLUSION</u>

2          The Trustee agrees with the Debtor that the Debtor has a homestead claim as to

3 Parcel B. The Trustee believes that the value of that homestead is limited to the value of

4 Parcel B, less unpaid tax assessments.

5          The court should enter an order determining that the value of the homestead is

6 $2,000, as assessed by King County, and that the homestead is impaired by unpaid Washington

7 real property taxes.

8          DATED this 20th day of September, 2018.

9                      GROSHONG LAW PLLC

10

11                      */s/ Geoffrey Groshong*
                     Geoffrey Groshong

12                      WSB No. 6124

13                      Attorneys for Chapter 7 Trustee
                     Edmund J. Wood

14

15

16

17

18

19

20

21

22

23

24

25

26

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101