The Honorable Christopher M. Alston
Hearing Date: July 27, 2018
Hearing Time: 9:30 a.m.
Response Date: July 24, 2018
Location: Seattle
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>MICHAEL RATCLIFFE,<br><br>Debtor. | No. 13-15556<br><br>TRUSTEE'S RESPONSE TO MOTION FOR RULING DELINEATING SCOPE OF STAY |

COMES NOW Edmund J. Wood, the Chapter 7 Trustee herein, by and through the undersigned attorney, and responds to the debtor's Motion for Ruling Delineating Scope of Stay as follows:

1. The Trustee's concern is only with paragraph 3 of the proposed order, that purports to 'stay' any further distributions to claimant Joyce Ratcliffe pending the determination of Pierce County Superior Court. No legal authority is offered to justify a stay of the proceedings, nor is any bond proposed.

2. Further, the motion misstates the Trustee's response to the latest contentions by the debtor. In actuality, a letter was sent by Ms. Garella to the Trustee's counsel and Noel Shillito on June 18, 2018, requesting that the Trustee decline to distribute funds to Joyce Ratcliffe notwithstanding the Court's June 15, 2018 order. See Docket No. 1201-7, pages 20-21. In response to such letter, counsel for the Trustee informed Ms. Garella by email that it was not believed that Pierce County Superior Court has jurisdiction over the creditor's claim that had been allowed in the bankruptcy proceeding or the Bankruptcy Court's order to pay the claim.

**TRUSTEE'S RESPONSE TO MOTION FOR RULING DELINEATING SCOPE OF STAY - 1**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

See Docket No. 1201-8, pages 4-5. Trustee's counsel provided Ms. Garella with a copy of the prior order approving the settlement of this claim (Docket No. 530) by subsequent email at Ms. Garella's request. Trustee's counsel also spoke with Ms. Garella on the telephone on June 18, 2018, and explained in detail the lengthy history of this proceeding and the previous orders that had been entered allowing Mrs. Ratcliffe's claim.

3. The debtor effectively seeks a stay pending the hearing on a motion to the Pierce County Superior Court to vacate the Decree of Legal Separation entered eight years ago. In order to establish the basis for a stay, the moving party needs to demonstrate not only a likelihood of success on the merits, but also a probability of irreparable injury. Further, the moving party must also demonstrate that the issuance of such a stay will not substantially injure other parties to the bankruptcy proceeding. *Leiva-Perez vs. Holder*, 640 F.3d 962 (9th Cir 2011). Here, the debtor has made no effort to show either a likelihood of success on the merits, irreparable harm or that a stay of further distributions will not harm the creditors in this proceeding.

4. Notwithstanding the above, counsel for Joyce Ratcliffe has been requested to agree that any further distributions will be paid to her counsel and held in trust pending the final outcome of the motion pending in Pierce County Superior Court.

DATED this 18th day of July, 2018.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Trustee

C:\Shared\KAE\Dox\Ratcliffe\delineatescope_resp.wpd

**TRUSTEE'S RESPONSE TO MOTION FOR
RULING DELINEATING SCOPE OF STAY - 2**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002